IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| TRAVIS LEQUINN SARVIS, | ) | Civil Action No. 4:11-70097-TLW |
| | ) | Criminal No. 4:06-1241-TLW |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Travis Lequinn Sarvis. ("Petitioner" or "Defendant"). On November 28, 2006, a federal grand jury returned a five-count Indictment against Petitioner. (Doc. # 5). On March 31, 2008, Petitioner pled guilty to Count 5 of the Indictment, Felon in Possession of a Firearm, in violation of 18 U.S.C. §922(g)(1) and §924(e), pursuant to a plea agreement negotiated with the United States of America ("Government") under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. (Doc. # 115). The plea agreement specifically provided that Petitioner would submit to a polygraph examination with respect to his involvement in robbery offenses charged in Counts 1 and 3 of the Indictment. (Doc. # 115 at ¶ 12). If Petitioner passed to the Government's satisfaction, the plea agreement called for a stipulated sentence of 188-234 months imprisonment; if Petitioner failed to pass, the agreement called for a term of imprisonment of 240 months. (Doc. # 115 at ¶ 12). On August 25, 2008, following two failed polygraph examinations, Petitioner was sentenced to a term of imprisonment of 240 months. (Doc. # 126).

1

Petitioner did not pursue a direct appeal and signed a notice of intent not to appeal. (Doc. # 125).[1]

Petitioner filed the present action on July 1, 2011 raising one ground of relief. (Doc. # 152). Petitioner contends that he is serving an illegally enhanced sentence because he was improperly classified and sentenced as an armed career offender. (Doc. # 152). Specifically, Petitioner argues that two "non-violent" commercial burglaries were improperly counted against him for purposes of armed career offender status. (Doc. # 152).

On August 10, 2010, the Government filed its response and moved to dismiss Petitioner's claim, arguing that Petitioner's motion is untimely and otherwise procedurally barred as well as lacking substantive merit. (Doc. # 160). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed August 15, 2011 that he had thirty-four days (34) to file material in opposition to the Government's motion. (Doc. # 161). Petitioner filed a reply brief on September 19, 2011. (Doc. # 163). This matter is now ripe for decision.

## 28 U.S.C. § 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the Court that imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United

---

[1] On July 28, 2010, the Government moved to reduce Petitioner's sentence in light of cooperation and assistance. (Doc. # 131). That motion was granted and the Court issued an amended judgment decreasing Petitioner's term of imprisonment to 200 months. (Doc. # 140). On September 8, 2010, Petitioner both noticed an appeal of that amended judgment and filed a *pro se* motion for further reduction. (Docs. # 135 and # 137). This Court denied that motion and Petitioner again appealed. (Docs. # 141 and # 143). In an opinion dated December 29, 2010, the Court of Appeals for the Fourth Circuit issued an opinion affirming both the order reducing Petitioner's sentence and the order denying further reduction of sentence. (Doc. # 150).

States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack.  28 U.S.C.A. § 2255.  Generally, "28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'"  Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)).  In Leano, the District Court noted that this is "the proof needed to allege a constitutional error, and that '"[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'"  334  Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)).  In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing petitioner's *pro se* motion, and finds that no hearing is necessary.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  It has been noted that "[a] motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can

3

be granted is a challenge to the legal sufficiency of a complaint, as governed by Rule 8." <u>Federal Trade Commission v. Innovative Marketing, Inc.</u>, 654 F.Supp.2d 378, 384 (D. Md. 2009). The Supreme Court has held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 675 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007)). The Supreme Court noted that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and noted that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id.</u> <u>See also</u> <u>Harman v. Unisys Corp.</u>, 2009 WL 4506463 *2 (4th Cir. 2009). The Court added that "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions," and that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u>

## DISCUSSION

The Government argues, chiefly, that Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is time-barred because Petitioner filed it more than one year after his conviction became final. The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year period of limitation within which a petitioner must bring any federal habeas corpus petition. 28 U.S.C. § 2255. The limitation period shall run from the last of:

(1) The date on which the judgment of conviction becomes final;

(2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) The date on which facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

When there is no direct appeal, the judgment of conviction becomes final when the ten-day notice of appeal period expires. See Sherill v. United States, 2006 WL 462092 *1 (W.D.N.C. Feb. 23, 2006); see also Fed. R. App. P. 4(b)(1)(A) (effective December 1, 2009, criminal defendants now have fourteen (14) days to notice an appeal).

Here, Petitioner did not file a direct appeal. His judgment of conviction entered on August 26, 2008. (Doc. # 126). The ten-day appeal period then provided for under Rule 4(b) expired on or about September 5, 2008 and Petitioner's one-year limitation period to file under § 2255 expired one year later, on or about September 5, 2009. As noted, Petitioner filed this § 2255 action on July 1, 2011. (Doc. # 152). That is nearly one year and ten months after expiration of the one year limitation period.

In his Memorandum, Petitioner attempts to justify the lateness of his filing by reference to the United States Supreme Court's recent opinion in Sykes v. United States, 131 S. Ct. 2267 (2011). (Doc. # 152-3 at p. 4). However, as the Government notes in its response, Petitioner's reliance on the case is misplaced, as Sykes addressed the issue of whether the crime of vehicular flight from law enforcement properly falls within the so-called "residual provision" of the Armed

5

Career Criminal Act (ACCA). Here it is undisputed that Petitioner's prior convictions are for burglary, a crime that is specifically enumerated under the ACCA at 18 U.S.C. §924(e)(2)(B)(ii). See also, Taylor v. United States, 495 U.S. 575, 597 (1990) (adopting a generic meaning of burglary for ACCA purposes that includes "run-of-the-mill burglaries involving an unarmed offender, an unoccupied building, and no use or threat of force."). The Supreme Court's recent opinion in Sykes therefore did not recognize a new right relevant to Petitioner's claim that would extend the window for filing a § 2255 action in this case.[2]

Nor does this Court's review of the record reveal any other viable grounds supporting an equitable tolling of the applicable one-year limitation period. The Fourth Circuit recognizes that the statute of limitations governing § 2255 petitions is subject to a doctrine of equitable tolling that allows a federal court to forego a strict application of the limitations period in the interests of equity. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000); see also Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). However, this doctrine does "not extend to garden variety claims of excusable neglect." Rouse, 339 F.3d at 246 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Rather, a petitioner may invoke relief under the doctrine in two generally distinct situations. Harris, 209 F.3d at 330. The petitioner must show either: (1) that the Government engaged in some form of wrongful conduct that prevented him from filing his motion; or (2) that "extraordinary circumstances" beyond his control made it impossible to file his motion on time. See id. In general, the doctrine is reserved for "rare instances where . . . it would be unconscionable to enforce the limitation against the party and gross injustice would result." Id.

---

[2] A review of the Sykes and Taylor precedents likewise reveals that Petitioner's claim lacks substantive merit. Even if Petitioner's two prior burglary offenses did not involve a weapon or an occupied dwelling, it is undisputed that they did involve the unlawful entry of two commercial structures and so do qualify as generic burglaries that may be considered in determining armed career offender status.

Here the Petitioner has cited no grounds capable of justifying equitable tolling in this case. The mere fact that Petitioner was "in transit" during periods of his incarceration, (Docs. # 163 and # 163-2), is certainly not exceptional. <u>See, e.g.</u>, <u>United States v. Anderson</u>, 2000 WL 1781614 (4th Cir. Dec. 5, 2000) (affirming district court determination that inmate's transfer among various penal institutions did not present "rare instance" required for equitable tolling). The Court therefore concludes that the presumptive one-year statute of limitations governing § 2255 petitions should apply to and does bar this action.[3]

## **CONCLUSION**

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED** (Doc. # 152) and the Government's motion to dismiss is **GRANTED**. (Doc. # 160).

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

January 11, 2012                                           __s/Terry L. Wooten_____
Florence, South Carolina                              United States District Judge

---

[3] The Court notes, finally, that there also exist alternate procedural grounds to deny Petitioner's claim, as outlined in the Government's memorandum, most notably the fact that Petitioner's sentence was the product of a Fed. R. Crim. Pro. R. 11(c)(1)(C) negotiated plea agreement with the Government. (Doc. # 115).