IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | |
| v. ) | |
| ) | C.A. No. 4:06-cr-01241-TLW |
| Travis Lequinn Sarvis, ) | |
| ) | |
| Petitioner. ) | |
| _____ ) | |

# ORDER

This matter is before the Court on two related motions by the petitioner, Travis Lequinn Sarvis ("Petitioner"). In the first motion, captioned as a motion pursuant to "Civil Procedure Rule 15(c)," Petitioner challenges his armed career offender ("ACCA") status and requests that the Court relate the challenge back to the date of his original 28 U.S.C. § 2255 petition. (Doc. #195). Petitioner filed his original § 2255 motion on July 1, 2011, (Doc. #152), and the Court denied the motion on January 11, 2012, (Doc. #165). In the second motion, filed eleven days after the first motion, petitioner requests that the Court construe the Rule 15(c) motion as a § 2241 petition. (Doc. #196).

    I.    **Rule 15(c) Motion**

In the Rule 15(c) motion, Petitioner asks the Court to amend and supplement his § 2255 petition filed on July 1, 2011. (Doc. #195). The § 2255 petition was denied on January 11, 2012, (Doc. #165), and the Court denied a motion to reconsider its order denying § 2255 relief on March 7, 2012, (Docs. #177, 178). Thus, to the extent the Petitioner's December 19, 2013 Motion pursuant to Rule 15(c) seeks amendment of the dismissed § 2255 petition, the motion should be denied as moot.

## II.      Motion to Reconstrue

In the motion to reconstrue the Rule 15(c) motion, Petitioner requests that the Court construe his Rule 15(c) motion as a petition for relief pursuant to 28 U.S.C. § 2241 on the grounds that the Petitioner is actually innocent of being an Armed Career Criminal. (Doc. #196). Petitioner asserts he is actually innocent of being an Armed Career Criminal because (1) the law has changed, making his prior convictions ineligible as predicates under the ACCA, and (2) his plea agreement and subsequent sentence was illegal. (Doc. #195).

Section 2241 petitions are reserved for (1) challenges to the execution of a prisoner's sentence, In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997), or (2) circumstances where § 2255 "is inadequate or ineffective to test the legality of [the] detention," 28 U.S.C. § 2255(e) ("§ 2255 savings clause"). A § 2255 petition is inadequate or ineffective when,

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, *the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

In the present matter, Petitioner does not challenge the execution of his sentence; thus, a § 2241 motion is cognizable only if he shows that § 2255 is inadequate or ineffective to test the legality of his detention. Petitioner has not shown that § 2255 is inadequate or ineffective because he does not show, or even assert, that a substantive change in the law has rendered the conduct underlying his conviction non-criminal. Rather, the Petitioner simply challenges a sentencing factor – his ACCA enhancement. See Almendarez-Torres v. United States, 523 U.S. 224, 230 (1998) (listing the Armed Career Criminal Act among other recidivism-based

sentencing factors). Thus, the petitioner fails to allege a necessary element of the § 2255 savings clause, and the claims raised in the Rule 15(c) motion are not cognizable under § 2241. See United States v. Poole, 531 F.3d 263, 267 (4th Cir. 2008) ("Fourth Circuit precedent has… not extended the reach of the [§ 2255] savings clause to those petitioners challenging only their sentence."). As a result, the Petitioner's Pro Se Motion to construe his Rule 15(c) claims as § 2241 claims should be denied.

## CONCLUSION

For the reasons set forth herein, Petitioner's Motion pursuant to Rule 15(c) is **DENIED** as **MOOT**. Petitioner's Motion to Reconstrue his Rule 15(c) claims as § 2241 claims is **DENIED.**

**IT IS SO ORDERED**.

s/Terry L. Wooten
TERRY L. WOOTEN
United States District Judge

April 7, 2014
Columbia, South Carolina