IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Travis Lequinn Sarvis,<br><br>     PETITIONER<br><br>     v.<br><br>United States of America,<br><br>     RESPONDENT | Crim. No. 4:06-cr-01241-TLW-1<br>C/A No. 4:16-cv-01837-TLW<br><br><br>**Order** |

    This case had previously been set for a hearing on Petitioner's § 2255 petition, ECF No. 214, but the Court has cancelled that hearing to allow for supplemental briefing in this matter.

    Though there is no mention of it in the record, the Supreme Court's recent decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016) appears to have a significant impact on this case. In *Mathis*, the Court concluded that the categorical approach applies to the determination of whether a prior conviction under an Iowa burglary statute qualified as a predicate conviction for ACCA purposes, and that under that approach, the Iowa burglary statute is categorically broader than generic burglary and therefore does not count as an ACCA predicate. However, several months prior to *Mathis*, the Fourth Circuit decided *United States v. McLeod*, 808 F.3d 972 (4th Cir. 2015), holding that the modified categorical approach should be used to determine whether a prior South Carolina conviction for second-degree burglary is an ACCA predicate offense.

    The parties are directed to fully brief the impact of *Mathis* and *McLeod* on this case. Specifically, the parties must brief the question of whether this Court is bound by *McLeod* as controlling Fourth Circuit case law, despite a more recent Supreme Court case that may call into question *McLeod*'s continued viability. *See Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 484 (1989) ("If a precedent of this Court has direct application in a case, yet appears

1

to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions."). Petitioner is directed to file his brief within 14 days of the date of this Order, and the Government is directed to file its response brief within 7 days of Petitioner filing his brief. If the parties agree on the applicable legal analysis, they may file a joint brief. Upon completion of this supplemental briefing, the Court will reschedule the hearing on Petitioner's § 2255 petition.

    **IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

July 19, 2016
Columbia, South Carolina